Matter of Cooper v City of New York (2018 NY Slip Op 01240)





Matter of Cooper v City of New York


2018 NY Slip Op 01240


Decided on February 22, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 22, 2018

Friedman, J.P., Tom, Andrias, Gesmer, JJ.


5072 101348/14

[*1]In re John Cooper, Petitioner-Respondent,
v
City of New York, Respondent, New York City Department of Education, et al., Respondents-Appellants.


Zachary W. Carter, Corporation Counsel, New York (Emma Grunberg of counsel), for appellants.
Glass Krakower LLP, New York (Jordan F. Harlow and Bryan D. Glass of counsel), for respondent.



Order and judgment (one paper), Supreme Court, New York County (Shlomo Hagler, J.), entered April 18, 2016, which, to the extent appealed from as limited by the briefs, annulled respondent Department of Education's determination, dated November 24, 2014, terminating petitioner's probationary service and denying him a certificate of completion of probation, unanimously reversed, on the law, without costs, the petition, to the extent it challenges the aforementioned actions, denied, and the proceeding brought pursuant to CPLR article 78, to the same extent, dismissed.
Petitioner failed to establish that his probationary service as a special services manager was terminated in bad faith or for an impermissible purpose (see Matter of Brown v City of New York, 280 AD2d 368 [1st Dept 2001]). To the contrary, the record demonstrates that respondent had a good faith reason for its determination, i.e., petitioner's unsatisfactory performance. The record shows there were issues with petitioner's leadership, communication and project management skills. Moreover, these issues persisted despite his supervisor's repeated advice that he needed to improve and her efforts to assist him.
To the extent petitioner argues that the annulment of his termination should be affirmed because of procedural deficiencies in the internal review process, this argument is unpreserved and in any event unavailing. Any deviations from internal procedures did not deprive petitioner of a substantial right or undermine
the fairness and integrity of the review process (see Matter of Cho-Brellis v Board of Educ. of the City Sch. Dist. of the City of N.Y., 149 AD3d 411 [1st Dept 2017]).
The Decision and Order of this Court entered herein on November 28, 2017 is hereby recalled and vacated (see M-160 decided simultaneously herewith).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: FEBRUARY 22, 2018
CLERK